2
RUSSELL D. GREER
CHAPTER 13 STANDING TRUSTEE
P.O. BOX 3051
MODESTO, CALIFORNIA 95353-3051
TELEPHONE (209) 576-1954

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 18-22241 |
| LEYNE FERNANDEZ | D.C. No.: RDG-1 |
| | CHAPTER 13 PROCEEDING |
| | DATE: JULY 10, 2018 |
| Debtor(s). | TIME: 10:00 AM |
| | DEPT.: D |

### CHAPTER 13 STANDING TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

RUSSELL D. GREER, Chapter 13 Standing Trustee in the above referenced matter, objects to confirmation of Debtor's Chapter 13 Plan on the following grounds:

## I.
## BASIS OF OBJECTION

1. Debtor's petition fails to reference Debtor's prior Chapter 13 filings. Accordingly, Debtor's plan has not been proposed in good faith and should not be confirmed. [11 U.S.C. §1325(a)(3)]

2. Debtor has failed to include all of her assets on her Schedules. Debtor's Schedule B fails to provide for any household goods and furnishings, clothing, or jewelry. Debtor's plan is not proposed in good faith. [11 U.S.C. §1325(a)(3)]

3. Debtor's Schedules fail to include any insurance renewals from existing clients. Debtor's plan is not proposed in good faith. [11 U.S.C. §1325(a)(3)]

4. Debtor's Profit and Loss statements include an average monthly expense of $242.00 for back owed taxes. Post-petition taxes are included in Debtor's plan, and the expense on her profit and loss statement is duplicative. Debtor's plan is not proposed in good faith. [11 U.S.C. §1325(a)(3)]

///

///

5. Debtor's plan provides for GR Auto Sales, Inc., as a Class 2 claim and proposes to pay the value of the collateral securing that claim. The Court has not entered an order on an appropriate motion to value that collateral. Until the value of that collateral has been determined by the Court, Trustee is unable to determine whether Debtor's plan is feasible. [11 U.S.C.§1325(a)(6)]

6. Debtor's plan provides for Trinity Financial Services as a Class 2 claim reduced to $0 based on the value of its collateral. The Court has not entered an order on an appropriate motion to value that collateral. Until the value of that collateral has been determined by the Court, Trustee is unable to determine whether Debtor's plan is feasible. [11 U.S.C.§1325(a)(6)]

## II.
## POINTS AND AUTHORITIES

11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title.

11 U.S.C. §1325(a) provides that the Court shall confirm a plan if certain criteria set forth in §1325(a) is met.

The debtors carry the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation. In re Arnold and Baker Farms, 177 B.R. 648, 654 (9th Cir. BAP 1994), In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988), In re Wolff, 22 B.R. 510, 512 (9th Cir. 1982).

**WHEREFORE**, the Trustee requests that the Trustee's objection to confirmation of the plan be sustained.

Respectfully submitted,

Dated: 06/11/2018          /S/ LORRAINE W. CROZIER
                           Lorraine W. Crozier,
                           Attorney for Russell D. Greer,
                           Chapter 13 Standing Trustee