| | |
|---|---|
| BURKE, WILLIAMS & SORENSEN, LLP<br>Richard J. Reynolds, Bar No. 89911<br>Rafael R. Garcia-Salgado, Bar No. 283230<br>1851 East First Street, Suite 1550<br>Santa Ana, CA  92705-4067<br>Telephone:　　949.863.3363<br>Facsimile:　　949.863.3350<br><br>Attorneys for Creditors<br>TRINITY FINANCIAL SERVICES, LLC | |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYNE FERNANDEZ,<br><br>　　　　　Debtor, | Case No.  18-22241<br><br>Chapter Number:  13<br><br>DCN: RJR-1<br><br>**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S JOINDER TO TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN**<br><br>**Plan Objection Hearing:**<br><br>Date:　　07/10/18<br>Time:　　10:00 a.m.<br>Ctrm:　　D |

TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby JOINS in the *Chapter 13 Standing Trustee's Objection to Confirmation of Plan* [RDG-1, Docket No. 26].  Trinity thus objects to confirmation of the Debtor's proposed Chapter 13 Plan [Docket No. 11] (the "Plan") in the above-referenced matter.  This objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of this Objection, Trinity respectfully states as follows:

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

C:\Users\garcia-r\Desktop\Trinity's Objection to Confirmation of Ch 13 Plan.docx

- 1 -

18-22241
JOINDER TO TRUSTEE'S OBJECTION

## I. INTRODUCTION

Trinity requests that the Court deny confirmation of the Debtor's Plan, as it entirely fails to provide for Trinity's claim. Debtor's plan proposes to pay Trinity nothing on account of its secured claim. For the reasons set forth herein, the Court should deny confirmation of the Plan unless Debtor amends the Plan to provide for Trinity's claim.

## II. ARGUMENT

1. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### A. The Plan Cannot Be Confirmed Because It Does Not Provide for the Full Value of Secured Creditors' Claims

2. 11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

3. Trinity filed its Claim #9-1 in this case on account of its secured claim.

4. Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Trinity's claim is secured by the Debtor's principal residence. Thus, the plan may not modify Trinity's secured claim. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993) (determination that bank's claim is partially secured "does not necessarily mean that the 'rights' the bank enjoys as a mortgagee,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

C:\Users\garcia-r\Desktop\Trinity's Objection to Confirmation of Ch 13 Plan.docx

- 2 -

18-22241
JOINDER TO TRUSTEE'S OBJECTION

1     which are protected by § 1322(b)(2), are limited by the valuation of its secured claim.").

2     5.     The Plan cannot be confirmed as proposed because it fails to treat Trinity's secured claim. The Plan fails to provide for the cure of Trinity's pre-petition arrears, and thus violates Section 1322(b)(5). The Plan also fails to provide for monthly payments on Trinity's claim going forward. As the Plan fails to treat Trinity's claim, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

### B.     The Plan is Not Feasible

6.     A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig,* 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that her Chapter 13 plan is feasible.

7.     The Debtor's Schedule I indicates she receives $3,665.47 a month in net income from her operation of a business. However, the Debtor failed to include the required attachment to Schedule I "showing gross receipts, ordinary and necessary business expenses, and the total monthly net income." Thus, the Debtor's Projected Disposable Income has not been determined and pledged for the entire applicable commitment period, and the Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b)(1)(B).

8.     11 U.S.C. § 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. The Debtor's Schedule J indicates that the Debtor has monthly net income of $575.12. However, the Debtor will be required to apply an additional $906.28 monthly to the Plan in order to provide for a prompt cure of the $54,376.59 in pre-petition arrears owed to Trinity in sixty (60) months, as required by 11 U.S.C. § 1322(b)(5). As the monthly plan payment sufficient to cure Trinity's pre-petition arrears exceeds the Debtor's available net income, the Debtor lacks sufficient monthly disposable income with which to fund the Plan. Accordingly, the Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

C:\Users\garcia-r\Desktop\Trinity's Objection to Confirmation of Ch 13 Plan.docx

- 3 -

18-22241
JOINDER TO TRUSTEE'S OBJECTION

### III. CONCLUSION.

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed; or in the alternative, that the Plan be amended to provide for the payment of Trinity's claim.

Dated: June 26, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: *[signature]*
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

C:\Users\garcia-r\Desktop\Trinity's Objection to Confirmation of Ch 13 Plan.docx

- 4 -

18-22241
JOINDER TO TRUSTEE'S OBJECTION

# PROOF OF SERVICE OF DOCUMENT

I, Bernadette C. Antle, am over the age of eighteen (18) years, and not a party to the within action. My business address is 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067.

On **June 26, 2018**, I caused to be served a true and correct copy of **SECURED CREDITOR TIRNITY FINANCIAL SERVICES, LLC'S JOINDER TO TRUSTEE'S OBJECTION TO PLAN** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Los Angeles, California, **and/or** by NEF as addressed as follows:

Rafael R. Garcia-Salgado
1851 E. First Street, Ste 1550
Santa Ana, CA 92705

Russell D. Greer
PO Box 3051
Modesto, CA 95353-3051

Tyneia Merritt
3200 E. Guasti Road, Ste 100
Ontario, CA 91761

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Richard J Reynolds
1851 East First Street, Suite 1550
Santa Ana, CA 92705

Richard L. Sturdevant
1200 Main St. Ste G
Irvine, CA 92614

///

///

///

///

///

SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

C:\Users\garcia-r\Desktop\Trinity's Objection to Confirmation of Ch 13 Plan.docx

- 5 -

18-22241
JOINDER TO TRUSTEE'S OBJECTION

| | |
|---|---|
| 1 | Synchrony Bank |
| 2 | c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 |
| 3 | |
| 4 |     I declare under penalty of perjury that the foregoing is true and correct. |
| 5 | |
| 6 | Dated: **June 26, 2018**            */s/ Bernadette C. Antle* |

Lines 7–28 blank.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

C:\Users\garcia-r\Desktop\Trinity's Objection to Confirmation of Ch 13 Plan.docx

- 6 -

18-22241
JOINDER TO TRUSTEE'S OBJECTION