BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:     949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>LEYNE FERNANDEZ<br><br>          Debtor, | Case No.  18-22241<br><br>Chapter Number:  13<br><br>DCN: RS-3<br><br>**SECURED CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OPPOSITION TO DEBTOR'S MOTION TO CONFIRM FIRST AMENDED CHAPTER 13 PLAN**<br><br>**Plan Confirmation Hearing:**<br><br>Date:    **October 16, 2018**<br>Time:   **10:00 a.m.**<br>Ctrm:   **34**<br>Dept:    **D** |

     TRINITY FINANCIAL SERVICES, LLC ("Trinity") hereby opposes (the "Opposition") the Debtor's Motion to confirm her proposed First Amended Chapter 13 Plan [Docket No. 59] (the "Motion") in the above-referenced matter.  This Opposition is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of its Opposition, Trinity respectfully states as follows:

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4821-7803-3009 v1
06836-0125

- 1 -

18-22241
OBJECTION TO PLAN

## I. INTRODUCTION

Trinity requests that the Court deny confirmation of the Debtor's First Amended Plan [Docket No. 63] (the "Plan"), as the Debtor fails to propose the Plan in good faith. As the owner of a business and an above-median earner, the Debtor fails to commit to the Plan her disposable income. For the reasons set forth herein, the Court should deny confirmation of the Plan.

## II. ARGUMENT

1. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### A. The Plan is Not Proposed in Good Faith

2. Current monthly income is defined by the Bankruptcy Code as "the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on" the last day of the preceding calendar month. 11 U.S.C. § 101(10A). "The phrase 'without regard to whether such income is taxable income' in § 101(10A) reflects a clear congressional intent that Tax Code concepts for determining taxable income are inapplicable to a determination of current monthly income." *In re Wiegand*, 386 B.R. 238, 242 (B.A.P. 9th Cir. 2008).

3. The Debtor's profit and loss statements include $242 in average monthly expense for back taxes. These were then included along with post-petition taxes in the Debtor's average monthly business expense of $4,103.17. And the Debtor then took her average monthly net income of $7,768.64 minus that business expense to arrive at her net income of $3,665.47 [Docket No. 12].

4. The Plan, however, includes the Debtor's back taxes in Class 5, totaling $14,860.80. Therefore, the Debtor may not subtract her back taxes from her income calculation,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4821-7803-3009 v1
06836-0125

- 2 -

18-22241
OBJECTION TO PLAN

1　as this leads to the taxes being double-counted. *See In re Wiegand,* 386 B.R. at 242 ("with the
2　enactment of BAPCPA, Congress imported the Internal Revenue Service Standards into §
3　707(b)(2).[10] Yet, no such reference is made in connection with the definition of current monthly
4　income. Finally, the statute's plain language does not make specific reference to deductions,
5　business or personal, of any kind.")

6　　　　5.　　The Plan understates the Debtor's net income by the amount of the back taxes—
7　which is $242 monthly.

8　　　**B.　　The Plan Fails to Commit Disposable Income**

9　　　　6.　　Because the Debtor failed to commit her full disposable income due to double-
10　counting her taxes, the Plan cannot be confirmed. Section 1325(b)(1)(B) requires "that all of the
11　debtor's projected disposable income" be applied to the Plan for payment of creditors' claims.

12　**III.　CONCLUSION.**

13　　　Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed; or in
14　the alternative, that the Plan be amended to provide for the commitment of the Debtor's
15　disposable income.

17　Dated: October 2, 2018　　　　　　　　　　Respectfully submitted,

18　　　　　　　　　　　　　　　　　　　　　BURKE, WILLIAMS & SORENSEN, LLP

20
21　　　　　　　　　　　　　　　　　　　　By: _____
22　　　　　　　　　　　　　　　　　　　　　　Richard J. Reynolds
　　　　　　　　　　　　　　　　　　　　　　Rafael R. Garcia-Salgado
23　　　　　　　　　　　　　　　　　　　　　　Attorneys for Creditor
　　　　　　　　　　　　　　　　　　　　　　TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4821-7803-3009 v1
06836-0125

- 3 -

18-22241
OBJECTION TO PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

A true and correct copy of the foregoing document entitled (*specify*): <u>**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CHAPTER 13 PLAN**</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **(No email recipients)**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/2/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Russell D. Greer
PO Box 3051
Modesto, CA 95353-3051

Tyneia Merritt
3200 E. Guasti Road, Ste 100
Ontario, CA 91761

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Richard J Reynolds
1851 East First Street, Suite 1550
Santa Ana, CA 92705

Richard L. Sturdevant
1200 Main St. Ste G
Irvine, CA 92614

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4821-7803-3009 v1
06836-0125

- 4 -

18-22241
OBJECTION TO PLAN

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **October 2, 2018** | Bernadette C. Antle | /s/ signature |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4821-7803-3009 v1
06836-0125

- 5 -

18-22241
OBJECTION TO PLAN